```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 2/29/08     │
└─────────────────────────┘
```

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

# MEMO ENDORSED

February 28, 2008

**BY HAND DELIVERY**
Honorable Colleen McMahon
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007-1312

*2/29/08 Granted*

Re: Leon Lewis v. The City of New York, et al.,
    07 CV 7258 (CM)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of the City of New York. In that capacity, I write to respectfully request a thirty-day enlargement of time, from March 14, 2008 until April 14, 2008, within which the City may answer or otherwise respond to the complaint.[1] I write directly to the Court because plaintiff is proceeding *pro se* in this matter and we do not have a telephone number for him. This is the first request for an enlargement of time.

The complaint alleges that plaintiff's residence was unlawfully entered and searched on February 16, 2006, and that plaintiff was falsely arrested and assaulted. In addition to the City of New York, plaintiff names New York City Police Detective McBride, New York County District Attorney Robert Morgenthau, Assistant District Attorney Arnold Jordan, Assistant District Attorney Frank Rothman, the New York Daily News and several unidentified

---

[1] From a cursory review of the complaint, defendant believes that we may have a good faith basis to move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in accordance with the procedure for moving on qualified immunity detailed in Your Honor's Individual Practices. An enlargement of time will permit this Office to further investigate plaintiff's allegations and determine whether a motion to dismiss is appropriate.

New York City Police officers. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. In addition, because plaintiff is claiming physical and/or psychological injuries, an enlargement of time will allow us to forward a medical release to plaintiff so that we can secure the relevant medical records. Defendant cannot obtain these records without these authorizations, and without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, City defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, we must ascertain whether Detective McBride has been served with the summons and complaint.[2] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Detective McBride. Detective McBride must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864 - 65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Detective McBride's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Mr. Leon Lewis  (By mail)
      Plaintiff *Pro Se*
      1944 Madison Avenue, #3E
      New York, New York 10035

---

[2] Upon information and belief, Detective McBride was served with a copy of the summons and complaint in this action. Without making any representations on behalf of Detective McBride, it is respectfully requested that, in the event he was served, his time to respond to the complaint similarly be enlarged so that his defenses are not jeopardized while representational issues are being decided.