

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/08
```

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

# MEMO ENDORSED

April 30, 2008

**BY FACSIMILE: 212 805-6326**
Honorable Colleen McMahon
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007-1312

> 5/1/2008 Ms Metellus files either a notice of appearance or she will not be permitted to attend plaintiff's deposition.
> Colleen McMahon
> USDJ

Re: Leon Lewis v. The City of New York, et al.,
07 CV 7258 (CM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of the City of New York and Detective McBride. In that capacity, I write to update the Court on the status of this litigation and to respectfully request, as explained more fully below, that the Court (1) preclude Ms. Metellus, Esq., from attending plaintiff's deposition in this matter unless she first files a notice of appearance with the Court; and (2) order plaintiff to appear for a deposition on May 2, 2008, or alternatively, grant defendants a forty-five day extension of time until June 30, 2008 in order to depose plaintiff and to serve and file their motion on the issue of qualified immunity.

      As Your Honor may be aware, defense counsel served and filed a notice of motion for summary judgment on the issue of qualified immunity on April 14, 2008. On April 17, 2008, defense counsel noticed plaintiff for a deposition on May 2, 2008, to be conducted at the Office of the Corporation Counsel of the City of New York. On April 22, 2008, defense counsel telephoned plaintiff in order to confirm his appearance at the upcoming deposition and to discuss the possibility of settlement. During that telephone conversation, plaintiff confirmed that he had received the Notice of Deposition and that he would appear on May 2, 2008. On April 24, 2008, defense counsel received a telephone call from Sonia Metellus, Esq., who indicated that she would be representing plaintiff in this matter solely for the purposes of settlement and she provided this Office with a settlement demand of $50,000 on plaintiff's behalf. At that time, and to date, Ms. Metellus has not filed a notice of appearance in this case on plaintiff's behalf.

Copies mailed/faxed/handed to counsel on 5/1/08

On April 25, 2008 and April 29, 2008, defense counsel attempted to contact Ms. Metellus by telephone, but we were unable to reach her and left voicemail messages. On April 29, 2008, we left a voicemail message for Ms. Metellus explaining that we did not intend to engage in settlement negotiations with her, or discuss this matter with her any further, until and unless she filed a notice of appearance on plaintiff's behalf. To date, Ms. Metellus has not contacted defense counsel regarding this matter and has not filed a notice of appearance on plaintiff's behalf.

Today, defense counsel received a telephone call from plaintiff Leon Lewis, who advised this Office that Ms. Metellus would be providing him with legal assistance in this matter, and he requested a one week adjournment of his deposition, from May 2, 2008 until May 8, 2008. Plaintiff stated that Ms. Metellus would be unable to attend his deposition on May 2, 2008, and that she would not be available until May 8, 2008.

While the Local Rules for the Eastern District of New York permit witnesses or parties to attend depositions, the Southern District of New York does not have a similar rule. Accordingly, in light of the fact that Ms. Metellus has not filed a notice of appearance with the Court on plaintiff's behalf, we respectfully request that she be precluded from attending the May 2, 2008 deposition unless she first files a notice of appearance with the Court in this matter. In this regard, defendants are prepared to proceed with plaintiff's deposition on May 2, 2008.

Alternatively, should the Court permit Ms. Metellus to attend plaintiff's deposition as a witness regardless of whether she files a notice of appearance in this action, we respectfully request an instruction from the Court that she be precluded from being heard on the record during the deposition, and that she be instructed not to interfere with the deposition.

Finally, we respectfully request that the Court order plaintiff to appear for his deposition on May 2, 2008 in light of the fact that plaintiff remains to be *pro se* in this matter at this time. In this regard, defendants respectfully submit to the Court that we initially noticed plaintiff for a deposition on May 2, 2008 in order to afford time to comply with Your Honor's special rules for asserting the affirmative defense of qualified immunity. Moreover, we only recently received a copy of plaintiff's medical records, which are necessary in order to evaluate plaintiff's alleged injuries and to fully prepare for his deposition, and therefore we were unable to select an earlier date for plaintiff's deposition. Defendants respectfully submit that an adjournment of plaintiff's deposition until May 8, 2008 will afford defendants only four days within which to obtain the transcript of the deposition[1] and to serve and file our motion for summary judgment on the issue of qualified immunity in accordance with the thirty-day time limit set forth in Your Honor's Individual Practices. As a result, defendants respectfully request that the Court order plaintiff to appear for a deposition on May 2, 2008, or alternatively, grant defendants a forty-five day extension of time until June 30, 2008 in order to depose plaintiff and to serve and file their motion on the issue of qualified immunity.

---

[1] We further note that in order to obtain the deposition transcript in such a short period of time, at an expedited rate, we will unnecessarily incur additional costs.

In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. Leon Lewis (By mail)
Plaintiff *Pro Se*
1944 Madison Avenue, #3E
New York, New York 10035